IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDON HASARA, | : | |
|     Plaintiff | : | |
| | : | No. 1:22-cv-1149 |
|     v. | : | |
| | : | (Judge Rambo) |
| KIM BUCHANNON, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

Plaintiff Brendon Hasara, who is currently in pretrial detention, initiated the above-captioned *pro se* action under 42 U.S.C. § 1983. He asserts constitutional tort claims against several officials at Schuylkill County Prison based on allegedly deficient medical care. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Hasara has not opposed or otherwise responded to Defendants' motion. For the following reasons, the Court will grant Defendants' unopposed motion to dismiss.

I.     **BACKGROUND**

Hasara's complaint contains few factual details. He appears to allege that he was subjected to excessive force by Mahanoy City Police officers, who injured his left and right shoulders and "both sides of [his] rib cage." (Doc. No. 1 at 5.) He asserts that he was detained in Schuylkill County Prison for an unspecified amount of time and that, while he was incarcerated there, received constitutionally deficient medical care. (*See id.* at 4-5.)

Hasara alleges that defendants Nikki Hollywood and Kim Buchannon (nurses at Schuylkill County Prison) "refused to address or treat any of [his] physical injuries." (*Id.*)  He also claims that they "refused to properly . . . diagnose" his injuries. (*Id.* at 5.)  These statements are the entirety of Hasara's allegations.  He claims that his Eighth Amendment rights were violated, and names as defendants Hollywood, Buchannon, Carina Gross, and Tara Hamm.[1]  (*Id.* at 2-3.)  Hasara requests that all Defendants be "fired" and seeks $100 million in monetary damages due to the "medical negligence." (*Id.* at 5.)

Defendants move to dismiss Hasara's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 12.)  Hasara has failed to respond to Defendants' motion in any way.  The time for briefing has passed, so Defendants' unopposed motion is ripe for disposition.

## II.   STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept

---

[1] Hasara identified defendants Carina Gross and Tara Hamm as "Karina" and "Tara." (*See* Doc. No. 1 at 3.)  The Court will refer to these defendants by their last names as provided by defense counsel. (*See* Doc. No. 11.)  Hasara also sued PrimeCare Medical Inc., but that corporation was dismissed pursuant to 28 U.S.C. § 1915A(b)(1) because it is not a "person" under Section 1983. (*See* Doc. No. 8 ¶ 6.)

as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Hasara proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Hasara, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Defendants maintain that Hasara's pleading lacks allegations of personal involvement for Gross and Hamm and fails to state a claim for relief as to Hollywood and Buchannon. The Court will take these arguments in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a

defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity.  *Id.* (quoting *Rode*, 845 F.2d at 1207).

Hasara's complaint contains no allegations showing personal involvement by Gross or Hamm.  Their names, in fact, appear only in the defendant-identification section of the form complaint. (*See* Doc. No. 1 at 3.)  Accordingly, any Section 1983 claim against Gross and Hamm must be dismissed.

B.   **Fourteenth Amendment Medical Deliberate Indifference**

The Court observes that, as Hasara is a pretrial detainee (or was at the time he filed suit), any such deficient medical care claim would fall under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment.  *See Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (*Hubbard II*) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)); *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (*Hubbard I*).  However, it does not appear that the United States Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical indifference claims versus those raised by incarcerated individuals pursuant to the Eighth Amendment.[2]

---

[2] This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims.  *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence);

Accordingly, the Court will apply existing Eighth Amendment jurisprudence to Hasara's Fourteenth Amendment medical indifference claims.

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishments on prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment" to incarcerated individuals. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To plausibly plead an Eighth Amendment claim of deliberate indifference regarding inadequate medical care, a plaintiff must allege (1) "a serious medical need," and (2) "acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

---

*see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in unnecessary suffering or risk of injury. *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346). Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). Claims sounding in mere medical negligence will not suffice. *Rouse*, 182 F.3d at 197.

Hasara's allegations fail at the first element. His complaint does not identify a "serious medical need" that was either diagnosed by a physician or was so obvious that a layman would know that it requires medical attention. Hasara simply claims that Hollywood and Buchannon "refused to properly treat . . . and diagnose [his] injuries." (Doc. No. 1 at 5.) He does not explain what those injuries are, whether they had visible manifestations, or whether he made specific complaints to Hollywood and Buchannon about symptoms or pain. Without pleading what injuries Hollywood and Buchannon allegedly "refused" to treat, it is impossible to discern whether Hasara has stated a plausible medical indifference claim. Nevertheless, because it is possible that Hasara can amend his pleadings to cure this deficiency,

7

leave to amend will be granted as to the Section 1983 claims against Hollywood and Buchannon.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant Defendants' unopposed motion (Doc. No. 12) to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Leave to amend will be granted. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: January 4, 2023